United States District Court
Southern District of Texas
**ENTERED**
January 22, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT
# OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA YOUNG,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:19-CV-4815 |
| WAL-MART, INC.,<br>    *Defendant*. | §<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Defendant's Motion for Summary Judgment.[1] ECF 33. Having considered the parties' submissions and the law, the Court recommends that the motion be DENIED.

## I.  Background

This is a premise liability case arising out of Plaintiff Linda Young's fall at the Wal-Mart store in La Porte, Texas on August 7, 2017. Plaintiff, 80 years old at the time of the incident, was tripped by a floor mat that entangled her feet as she pushed her cart and walked over it. The fall caused serious injuries, including a right hip fracture that required surgery the next day.

Wal-Mart placed the mat at the entrance to absorb water because it was expected to rain that day. Plaintiff alleges that Wal-Mart negligently placed and maintained the floor mat creating an unreasonably dangerous condition of which Wal-Mart should have been aware. She also contends that Wal-Mart did not warn invitees to the store of the dangerous

---

[1] The District Court referred this case to this Magistrate Judge for Report and Recommendation. ECF 25.

condition created by the floor mat or otherwise take action to reduce or eliminate the risk. Plaintiff sued Wal-Mart in state court and Wal-Mart removed the case to this Court based on diversity jurisdiction. Wal-Mart has moved for summary judgment on grounds that there are no issues of material fact and that, as a matter of law, Wal-Mart did not breach any duty of care owed to Plaintiff.

## II.     Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The Court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference

2

to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting Celotex, 477 U.S. at 325).

**III.   Analysis**

    **A. Elements of a Premises Liability Dangerous Condition Cause of Action**

The plaintiff in any premises liability case must show the defendant owed her a duty of care.[2] *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008). The existence of such a duty is a question of law for the court. *Id*. The owner of a business owes an invitee "a duty to protect her from dangerous conditions in the store known or discoverable to it." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The elements of a premises liability case by an invitee are: "(1) Actual or constructive knowledge of some condition on the premises by the owner/operator; (2) That the condition posed an unreasonable risk of harm; (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Id*.; *see also McCullough v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-00230, 2020 WL 6786060, at *2 (S.D. Tex. Sept. 22, 2020),

---

[2] There are two type of premises liability claims under Texas law: negligent activity claims and premises condition claims. *See General Elec. Co. v. Moritz*, 257 S. W. 3d 211, 214-15 (Tex. 2008). Plaintiff's Amended Petition (ECF 1-3) appears to assert both, but her summary judgment response confirms that this is a premises condition case only. ECF 34 at 2-3.

report and recommendation adopted, No. 3:19-CV-00230, 2020 WL 6781626 (S.D. Tex. Nov. 18, 2020).

A condition does not constitute an unreasonable risk of harm simply because it caused an accident. *Ardelean v. Wal-Mart, Inc.*, No. 20-20202, 2020 WL 7636258, at *2 (5th Cir. Dec. 22, 2020). There is no "definitive, objective test" to apply to determine whether a condition posed unreasonable risk of harm. *Knox v. Fiesta Mart, Inc.*, No. 01-09-01060-CV, 2011 WL 1587362, at *6 (Tex. App. Apr. 21, 2011). The Texas Supreme Court has defined a condition that presents an unreasonable risk of harm "as one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). To determine whether a condition presents an unreasonable risk of harm, Courts consider factors such as "(1) prior incidents; (2) reports of potential danger or complaints; (3) violations of building or safety standards; (4) defects in the premises condition; and (5) unusual characteristics." *Jones v. Dollar Tree Stores, Inc.*, No. CV H-19-4088, 2020 WL 7753719, at *4 (S.D. Tex. Dec. 10, 2020) (citing Texas cases), report and recommendation adopted, No. CV H-19-4088, 2020 WL 7714709 (S.D. Tex. Dec. 29, 2020).

In order to show that the premises owner had constructive, as opposed to actual, knowledge of the dangerous condition, a plaintiff must "establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Gonzalez*, 968 S.W.2d 934 at 936; *Moreno v. Wal-Mart Stores Texas*, LLC, No. CV H-19-4006, 2020 WL 7261056, at *2 (S.D. Tex. Dec. 9,

2020) ("A plaintiff in a slip-and-fall case satisfies the knowledge requirement by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."). Knowledge of the placement of an object—like a floor mat—is not conclusive proof of knowledge that the object presented a hazard. *Knox*, 2011 WL 1587362, at *5.

### B. The Parties' Contentions

There is no dispute that Plaintiff was Wal–Mart's invitee. Therefore, as a matter of law Wal-Mart had "a duty to protect her from dangerous conditions in the store known or discoverable to it." *Gonzalez*, 968 S.W.2d at 936; *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) ("premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them."). In order to show that Wal-Mart breached its duty Plaintiff must demonstrate the existence of a genuine issue of material fact on each element of a premises liability claim set forth in the section above.

Although Wal-Mart contends that Plaintiff cannot meet her burden as to any element of her claim, the Motion for Summary Judgment focuses on Plaintiff's evidence that the floor mat presented a dangerous condition:

> Defendant could not have actual or constructive knowledge of a dangerous condition that did not exist, Defendant could not be aware of a non-existent dangerous condition as it would pose no risk of harm, there was not any reasonable care Defendant could use to reduce or eliminate a risk that it does not know, poses an unreasonable risk, and thus it cannot be eliminated.

*See* ECF 33 at 6.  The La Porte store manager, Lisa Israel, testified that the floor mat was not taped down or otherwise secured and no employee was assigned to monitor the mat. ECF 34-5 at 7-15.  Another Wal-Mart employee who was in the store at the time of the accident testified that there were no warning signs in the area, and this is confirmed by video evidence.[3]  ECF 34-6 at 10.  In addition, it is undisputed on summary judgment that the mat caused Plaintiff to fall and suffer bodily injuries.  *See* ECF 33 at 1.  Therefore, the Court focuses on the first two elements of Plaintiff's premises liability claim—unreasonable risk of harm and Wal-Mart's knowledge of that risk.

### C. Fact Issues Preclude Summary Judgment

Whether a condition presented an unreasonable risk of harm is a fact-specific consideration.  *Id.*; *Britton v. Home Depot U.S.A., Inc.*, 181 F. Supp. 3d 365, 369 (S.D. Tex. 2016) ("As Texas courts have noted, "[t]he determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific." (citation omitted)). As stated above, a Plaintiff can show a condition presented an unreasonable risk of harm with evidence of "(1) prior incidents; (2) reports of potential danger or complaints; (3) violations of building or safety standards; (4) defects in the premises condition; and (5) unusual characteristics."  *Jones*, 2020 WL 7753719, at *4.

To raise a fact issue with respect to Wal-Mart's constructive knowledge that the mat was an unreasonably dangerous condition Plaintiff primarily relies on Wal-Mart's violation

---

[3] *See* ECF34-2 at 1 (noting the video file was hand delivered to the court).  Wal-Mart's brief confirms it has a copy of the video. *See* ECF 33 at 6.

of safety standards promulgated by the American National Standards Institute (ANSI).[4] ANSI Standard B.101.6, which relates to retail store floor safety, requires a store to test safety mats by "traversing the mat with fully laden carts prior to placement to confirm the mat will not migrate or buckle." ECF 34 at 5; 34-1 at 20. Plaintiff has put forward as summary judgment evidence the testimony of the La Porte store manager, Lisa Israel. Israel confirmed in her deposition that Wal-Mart knew the mat would receive heavy foot traffic and that no testing of any kind was performed on the mat before allowing customers to traverse over it. ECF 34-5 at 11, 14. ANSI Standard B101.6 also indicates that if heavy foot traffic could cause a mat to migrate, the mat should be secured in place by tape. ECF 34-1 at 20. Pictures of the mat and Israel's deposition testimony confirm the mat was not taped down. ECF 33 at 7; 34-3; 34-5 at 7, 14-15. Further, Israel testified that no specific employee was tasked with monitoring the mats to ensure they did not move or become unsafe, and she and other employees monitor the mats visually "as we come across them." ECF 34-5 at 8, 11, 14.

Plaintiff also relies on a video of the incident as evidence that the mat presented an unreasonable risk of harm. Plaintiff's summary judgment brief states: "Video evidence shows the safety mat that caused Plaintiff Linda Young to fall buckled immediately upon Plaintiff's entry into the store while pushing a shopping cart resulting in Plaintiff's fall and catastrophic injury." ECF 34 at 6. This statement is consistent with Plaintiff's statement in her Customer Incident Report that the "rug blew in the moment I went in[.] I hit my

---

[4] "The admissibility of the ANSI standards, to the extent they are relevant, is clearly established in this circuit." *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 582 (5th Cir. 1985). Wal-Mart did not address ANSI standards in its motion and did not file an objection to consideration of ANSI standards or otherwise address them by filing a reply.

right knee and my right hip." ECF 33-2 at 1. Plaintiff argues that the video supports a finding that the mat was dangerous because it proves the mat "was prone to move" and therefore presented an unreasonable risk of harm. ECF 34 at 10. The video confirms that the mat was not taped down and that it flipped up behind Plaintiff, entangling her feet and causing her to fall as she entered the store. The video does not show visible warning signs in the area.

"In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000). In *Keetch v. Kroger Co.*, 845 S.W.2d 262, 266 (Tex. 1992) the plaintiff argued that she proved knowledge as a matter of law because Kroger created the unreasonably dangerous condition (a slippery floor). Texas Supreme Court held that "[p]roof that the premises owner or occupier created a condition which poses an unreasonable risk of harm may constitute circumstantial evidence that the owner or occupier knew of the condition. However, creating the condition does not establish knowledge as a matter of law for purposes of premises liability." *Id.* The combination of the fact that Wal-Mart was aware of the placement of the mat, the existence of relevant safety standards that were not followed, and the fact that the mat was not regularly monitored, represent more than a scintilla of evidence that Wal-Mart should have known of the alleged dangerous condition. Thus, Plaintiff's summary judgment evidence creates a fact issue as to whether an unreasonable risk of harm existed and whether Wal-Mart should have known about it.

This case is distinguishable from other cases in which this Court has granted summary judgment on similar premises liability claims. For example, in *Jones*, 2020 WL 7753719, at *4, the court granted defendant's motion for summary judgment because the video evidence did not support the plaintiff's assertion that she was injured by a defective door and plaintiff had no other evidence to support her theory of the case. Here, the video evidence clearly supports Plaintiff's assertion that the floor mat came up behind her, impeded her feet, and caused her fall. In *McCullough*, 2020 WL 6786060, at *3, the Court granted summary judgment due to lack of evidence of defendant's knowledge because the poster the Plaintiff slipped on was present on the floor for only 13 seconds, a period of time the court found as a matter of law was too brief to establish constructive notice. In this case, there is no dispute that Wal-Mart was aware of the presence of the floor mat at the entrance to the store. Plaintiff has demonstrated a fact issue that she is entitled to have a jury decide—whether Wal-Mart should have known that the floor mat was prone move or flip up as it did, therefore presenting an unreasonable risk of harm.

## IV.   Conclusion and Recommendation

For the reasons discussed above, the court RECOMMENDS that Wal-Mart's Motion for Summary Judgment be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal

conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 22, 2021, at Houston, Texas.

                                            Christina A. Bryan
                                     United States Magistrate Judge