THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA YOUNG | § | |
| | § | CIVIL ACTION NO. 4:19-cv-04815 |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | DEFENDANT DEMANDS A JURY |

## **DEFENDANT'S MOTION IN LIMINE**

Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, WAL-MART STORES TEXAS, LLC (hereinafter Defendant), files this Motion in Limine. Defendant seeks to exclude matters that are not properly proven up, incompetent, irrelevant, or prejudicial to the material issues in this case. If Plaintiff injects these matters into the trial of this case through a party, an attorney, or a witness, it will cause irreparable harm to Defendant's case, which no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, Defendant would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Defendant urges this motion in limine.

Defendant asks the Court to instruct Plaintiff and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the Court's permission outside the presence and hearing of the jury, and to instruct Plaintiff and all counsel to warn and caution each of Plaintiff's witnesses to follow the same instructions.

## DEFENDANT'S MOTION IN LIMINE

1. Any evidence Plaintiff did not produce in discovery. Plaintiff should not be permitted to present any witness she did not name in her initial disclosures, or any evidence requested by Defendant but not produced by Plaintiff.

  RULING: _____ GRANTED     _____ DENIED

2. Any reference to any item or document that is not admitted into evidence.

  RULING: _____ GRANTED     _____ DENIED

3. Any reference or suggestion that would imply that Defendant has not fully complied with all discovery requests made by the opposing side.

  RULING: _____ GRANTED     _____ DENIED

4. That the firm of Bush & Ramirez, PLLC and/or any of the lawyers therewith specialize in cases involving Walmart.

  RULING: _____ GRANTED     _____ DENIED

5. That this Motion has been filed or that counsel for Defendant, in any way, attempted to limit or restrict the evidence.

  RULING: _____ GRANTED     _____ DENIED

6. That Plaintiff not introduce any item into evidence without first tendering same to the Court and defense counsel outside the presence of the jury.

  RULING: _____ GRANTED     _____ DENIED

7. Any suggestion that the jury should place themselves in the position of the Plaintiff.

  RULING: _____ GRANTED     _____ DENIED

8. Any reference to any amounts charged for medical expenses except for those that Plaintiff actually paid or that were actually incurred by Plaintiff. TEX. CIV. PRAC. & REM. CODE § 41.0105.

  RULING: _____ GRANTED     _____ DENIED

9. Defendant further moves the Court to instruct counsel for Plaintiff, Plaintiff's witnesses and Plaintiff to refrain from making reference to any item or piece of information or evidence which is contained within Defendant's files or in defense counsel's file, or requesting or suggesting that defense counsel or Defendant should produce or reveal any item in defense

counsel's file or Defendant's files, or any reference to the fact that any such evidence was only recently produced.

   RULING: _____ GRANTED  _____ DENIED

  10. That Plaintiff, nor her witnesses, be allowed to offer opinions on proximate cause or damage issues without first having shown, outside the presence of the jury, that the witness is legally qualified to testify and offer such opinions.

   RULING: _____ GRANTED  _____ DENIED

  11. That Plaintiff, nor her witnesses, be allowed to offer opinions on proximate cause, liability, or damage issues not previously identified in Plaintiff's responses to discovery requests and Plaintiff's experts' designations.

   RULING: _____ GRANTED  _____ DENIED

  12. Any attempt by Plaintiff's counsel to seek a request of the attorney for Defendant to produce documents, to stipulate to any fact, or to make any sort of agreement in the presence of the jury.

   RULING: _____ GRANTED  _____ DENIED

  13. Before the Court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions counsel believe to be applicable.

   RULING: _____ GRANTED  _____ DENIED

  14. Any mention that Defendant may have had other prior or subsequent incidents, claims, suits or settlements, for the reason that such incidents, claims, suits or settlements would not be in any way material or relevant to this cause or to Plaintiff's claims.

   RULING: _____ GRANTED  _____ DENIED

  15. That Plaintiff and her counsel not attempt to offer expert opinion evidence, either by live testimony or by deposition, through any witness whose opinions have not been properly disclosed in expert designations.

   RULING: _____ GRANTED  _____ DENIED

  16. That Plaintiff's counsel be prohibited from cross-examining any witness in this case with any documents that have not previously been produced during discovery in this case.

   RULING: _____ GRANTED  _____ DENIED

17. The introduction of medical bills or records into evidence that are not in admissible form, or that were not timely produced in discovery.

   RULING: _____ GRANTED   _____ DENIED

18. Any mention of the need for or costs of future medical expenses not based on reasonable medical probability, and which are not related to the incident at issue or reduced to account for damages paid or incurred.

   RULING: _____ GRANTED   _____ DENIED

19. That Defendant has made, considered, or promised to make, consider, or accept any offer to compromise or settle the claims involved in this action; or any reference to the fact that settlement discussions have or have not taken place; or the statements or conduct of any party in connection with settlement discussions. Information concerning settlement offers or acceptances or the conduct of parties during settlement negotiations or discussions is irrelevant to proving the validity or invalidity of any claim in this action. *See McGuire v. Commercial Union Ins. Co. of New York*, 431 S.W.2d 347, 352 (Tex. 1968); *see also* FED. R. CIV. EVID. 408.

   RULING: _____ GRANTED   _____ DENIED

20. To elicit or have a witness offer any opinion concerning the credibility or truthfulness of another witness or another witness's testimony, as the credibility and veracity of any witness is strictly within the purview of the jury.

   RULING: _____ GRANTED   _____ DENIED

21. Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or allowed to testify, in any manner, in this case.

   RULING: _____ GRANTED   _____ DENIED

22. Any evidence of Plaintiff's alleged economic damages not timely disclosed in Plaintiff's Initial Disclosure, pursuant to FED. R. CIV. P. 26(a)(1).

   RULING: _____ GRANTED   _____ DENIED

23. Any claim or theory of damages, or basis for imposing damages, not specifically pleaded in Plaintiff's operative Petition or Complaint.

   RULING: _____ GRANTED   _____ DENIED

24. Any claim or theory of liability, or basis for seeking liability, not specifically pleaded in Plaintiff's operative Petition or Complaint.

   RULING: _____ GRANTED   _____ DENIED

25. Any expert opinions, expert representations, or expert claims, as Plaintiff did not designate any experts in this case.

RULING: _____ GRANTED _____ DENIED

26. Any document or thing purporting to constitute standards/safety standards from American National Standards Institute, Inc., as Plaintiff has not designated any expert to authenticate such alleged standards, lay the foundation for such alleged standards, establish the alleged relevance or reliability of such alleged standard, and overcome any hearsay challenge, all as required by Texas law.

RULING: _____ GRANTED _____ DENIED

27. Any document or thing purporting to constitute standards/safety standards from National Floor Safety Institute, as Plaintiff has not designated any expert to authenticate such alleged standards, lay the foundation for such alleged standards, establish the alleged relevance or reliability of such alleged standard, and overcome any hearsay challenge, all as required by Texas law.

RULING: _____ GRANTED _____ DENIED

28. Any claim, contention, or theory about mats other than the mat involved in this case, as such claims, contentions, or theories would be irrelevant and immaterial to any issue pending in this case.

RULING: _____ GRANTED _____ DENIED

For these reasons, Defendant asks the Court to instruct Plaintiff, Plaintiff's witnesses and her counsel not to mention, refer to, interrogate about, or attempt to convey to the jury any of the matters listed above without first asking for a ruling from the Court outside the presence and hearing of the jury, and further instruct Plaintiff and all counsel to warn and caution each of their witnesses to follow the same instructions.

[Signature on Next Page]

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ John A. Ramirez*
John A. Ramirez
Attorney-In-Charge
SBN: 00798450
FBN: 21280
Neal A. Hoffman
SBN: 24069936
FBN: 1048603
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
nhoffman@bushramirez.com

ATTORNEY FOR DEFENDANT
WAL-MART STORES TEXAS, LLC

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was sent to all counsel of record as required by the FEDERAL RULES OF CIVIL PROCEDURE on this 26th day of April 2021.

Cedrick D. Forrest
CEDRICK D. FORREST LAW, PLLC
100 Glenborough Dr., Suite 400
Houston, Texas 77060
cforrest@cdforrestlaw.com

M. Cody Moore
LAW OFFICES OF M. CODY MOORE, PLLC
5100 Westheimer Rd., Suite 200
Houston, Texas 77056
m.cmoore@codymoorelaw.com

*/s/ John A. Ramirez*
John A. Ramirez | Neal A. Hoffman