Case 4:19-cv-04815   Document 49   Filed on 04/28/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-4815 |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

## **O R D E R**

**IT IS HEREBY ORDERED** that Defendant's Motion **(Instrument No. 46)** is ruled on by the Court:

1. Any evidence Plaintiff did not produce in discovery. Plaintiff should not be permitted to present any witness she did not name in her initial disclosures, or any evidence requested by Defendant but not produced by Plaintiff.

GRANTED

 X  DENIED

2. Any reference to any item or document that is not admitted into evidence.

GRANTED

 X  DENIED

**VAGUE AS WORDED**

   3.   Any reference or suggestion that would imply that Defendant has not fully complied with all discovery requests made by the opposing side.

 X  GRANTED

   DENIED

   3.   That the firm of Bush & Ramirez, PLLC and/or any of the lawyers therewith specialize in cases involving Walmart.

 X  GRANTED    DENIED

4. That this Motion has been filed or that counsel for Defendant, in any way, attempted to limit or restrict the evidence.

X GRANTED  DENIED

5. That Plaintiff not introduce any item into evidence without first tendering same to the Court and defense counsel outside the presence of the jury.

X GRANTED  DENIED

6. Any suggestion that the jury should place themselves in the position of the Plaintiff.

GRANTED   X

DENIED

7. Any suggestion that the jury should place themselves in the position of the Plaintiff.

GRANTED   X

DENIED

8. Any reference to any amounts charged for medical expenses except for those that Plaintiff actually paid or that were actually incurred by Plaintiff. TEX. CIV. PRAC. & REM. CODE § 41.0105.

GRANTED   X

DENIED

9. Defendant further moves the Court to instruct counsel for Plaintiff, Plaintiff's witnesses and Plaintiff to refrain from making reference to any item or piece of information or evidence which is contained within Defendant's files or in defense counsel's file, or requesting or suggesting that defense counsel or Defendant should produce or reveal any item in defense counsel's file or Defendant's files, or any reference to the fact that any such evidence was only recently produced.

**Unclear what you are asking for here**.

RULING: GRANTED DENIED

10. That Plaintiff, nor her witnesses, be allowed to offer opinions on proximate cause or damage issues without first having shown, ~~outside the presence of the jury~~, that the witness is legally qualified to testify and offer such opinions.

X GRANTED  DENIED

11. That Plaintiff, nor her witnesses, be allowed to offer opinions on proximate cause, liability, or damage issues not previously identified in Plaintiff's responses to discovery requests and Plaintiff's experts' designations.

　　X GRANTED

　　DENIED

12. Any attempt by Plaintiff's counsel to seek a request of the attorney for Defendant to produce documents, to stipulate to any fact, or to make any sort of agreement in the presence of the jury.

GRANTED   X

DENIED

13. Before the Court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions counsel believe to be applicable.

　　GRANTED   X

　　DENIED

14. Any mention that Defendant may have had other prior or subsequent incidents, claims, suits or settlements, for the reason that such incidents, claims, suits or settlements would not be in any way material or relevant to this cause or to Plaintiff's claims.

　　X GRANTED

　　DENIED

15. That Plaintiff and her counsel not attempt to offer expert opinion evidence, either by live testimony or by deposition, through any witness whose opinions have not been properly disclosed in expert designations.

　　X GRANTED

　　DENIED

16. That Plaintiff's counsel be prohibited from cross-examining any witness in this case with any documents that have not previously been produced during discovery in this case.

　　X GRANTED

　　DENIED

17. The introduction of medical bills or records into evidence that are not in admissible form, or that were not timely produced in discovery.

    X GRANTED

    DENIED

18. Any mention of the need for or costs of future medical expenses not based on reasonable medical probability, and which are not related to the incident at issue or reduced to account for damages paid or incurred.

    X GRANTED

    DENIED

19. That Defendant has made, considered, or promised to make, consider, or accept any offer to compromise or settle the claims involved in this action; or any reference to the fact that settlement discussions have or have not taken place; or the statements or conduct of any party in connection with settlement discussions. Information concerning settlement offers or acceptances or the conduct of parties during settlement negotiations or discussions is irrelevant to proving the validity or invalidity of any claim in this action. *See McGuire v. Commercial Union Ins. Co. of New York*, 431 S.W.2d 347, 352 (Tex. 1968); *see also* FED. R. CIV. EVID. 408.

GRANTED   X

DENIED

20. To elicit or have a witness offer any opinion concerning the credibility or truthfulness of another witness or another witness's testimony, as the credibility and veracity of any witness is strictly within the purview of the jury.

    X GRANTED

    DENIED

21. Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or allowed to testify, in any manner, in this case.

    X GRANTED

    DENIED

22. Any evidence of Plaintiff's alleged economic damages not timely disclosed in Plaintiff's Initial Disclosure, pursuant to FED. R. CIV. P. 26(a)(1).

<u>X</u> GRANTED

___ DENIED

23. Any claim or theory of damages, or basis for imposing damages, not specifically pleaded in Plaintiff's operative Petition or Complaint.

GRANTED  X

DENIED

24. Any claim or theory of liability, or basis for seeking liability, not specifically pleaded in Plaintiff's operative Petition or Complaint.

GRANTED  X

DENIED

25. Any expert opinions, expert representations, or expert claims, as Plaintiff did not designate any experts in this case.

<u>X</u> GRANTED

DENIED

26. Any document or thing purporting to constitute standards/safety standards from American National Standards Institute, Inc., as Plaintiff has not designated any expert to authenticate such alleged standards, lay the foundation for such alleged standards, establish the alleged relevance or reliability of such alleged standard, and overcome any hearsay challenge, all

as required by Texas law.

**MAKE OBJECTION AT TRIAL**

RULING: GRANTED DENIED

27. Any document or thing purporting to constitute standards/safety standards from National Floor Safety Institute, as Plaintiff has not designated any expert to authenticate such alleged standards, lay the foundation for such alleged standards, establish the alleged relevance or reliability of such alleged standard, and overcome any hearsay challenge, all as required by Texas law.

**MAKE OBJECTION AT TRIAL**

RULING: GRANTED DENIED

28. Any claim, contention, or theory about mats other than the mat involved in this case, as such claims, contentions, or theories would be irrelevant and immaterial to any issue pending in this case.

**MAKE OBJECTION AT TRIAL**

RULING: GRANTED DENIED

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the __28th__ day of April, 2021, at Houston, Texas.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**