THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA YOUNG | § | |
| | § | CIVIL ACTION NO. 4:19-cv-04815 |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | DEFENDANT DEMANDS A JURY |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED TRIAL EXHIBITS

TO THE HONORABLE VANESSA GILMORE:

COMES NOW DEFENDANT WAL-MART STORES, INC. ("Defendant") files these objections to Plaintiff's proposed exhibits pursuant to Local Rule 46 and this Court's local procedures, asks the Court to sustain these objections, and asks the Court to preclude the admission of these proposed exhibits at trial.

**PLAINTIFF'S PROPOSED EXHIBIT 56**

1. Plaintiff's proposed Exhibit 56 is described as an ANSI Standard for Floor Mat Safety.[1] The problems for Plaintiff related to this proposed exhibit are voluminous.

2. As an initial matter, Plaintiff did not plead any claim or cause of action whatsoever related to the ANSI Standard. *See* Doc. 1-3. Plaintiff's lawsuit does not even mention the ANSI Standard in any capacity. *See id.* In fact, Plaintiff's premises liability claim only faults Walmart based upon its alleged failures to warn Plaintiff about a dangerous condition. *See id.* at 4, § IX.[2]

---

[1] The Exhibit List identifies the document as "Exhibit B" to the Deposition of Lisa Israel. For accuracy, according to that deposition transcript, the purported ANSI Standard was actually Exhibit 4 to that deposition. For ease of reference, Walmart will refer to this document as the "ANSI Standard."

[2] Plaintiff only other theory from this section allegedly relates to negligent activity, a cause of action that Plaintiff herself concedes she does not have in this case. *See* Doc. 1-3 at 4, § IX(4)

3. Then, after failing to plead any theory related to the ANSI Standard, Plaintiff proceeded to actively conceal the standard from Walmart throughout the entire discovery period, in flagrant violation of Federal Rule of Civil Procedure 26(a)(1)(A)(ii). That rule required Plaintiff to disclose a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. *See id.* Plaintiff refused. In fact, Plaintiff refused to even make her required federal court disclosures until April 7, 2021.

4. Not content to leave matters to chance, Walmart also served Plaintiff with written discovery, including requests for production. Several of Walmart's Requests clearly would have captured this document. *See, e.g.*, Ex A (in relevant part) at Nos. 1, 24. 34.[3] In response, however, Plaintiff failed to produce the ANSI Standard. *See* Ex. B (in relevant part). And Plaintiff herself acknowledged that at least one of these requests clearly encompassed the ANSI Standard, since she eventually produced it in response to Walmart's Request for Production No. 24, but not until January 12, 2021, months after the expert designation deadline had passed, months after the discovery period ended, and after Walmart's dispositive motion deadline came and went. *See* Ex. C at No. 24 (referring to "Exhibit B," which was a folder containing the ANSI Standard); *compare with* Doc. 22 (setting case deadlines). Prior to her production, Plaintiff did not contend she was withholding documents in response to RFP No. 24; in fact, in response to all three of those requests, Plaintiff represented there were no documents. *See* Ex. B at Nos. 1, 24, 34.

---

[3] In fact, Plaintiff admits this fact because Plaintiff later – well after the discovery period ended and after Walmart's summary judgment was denied – supplemented her production responses to provide the ANSI Standard in response to Walmart's Request No. 24.

5. As previously mentioned, the Court issued a scheduling order on April 28, 2020. *See* Doc. 22. That Order established Plaintiff's expert designation deadline as July 7, 2020. *See id.* Plaintiff did not designate any experts, did not amend his lawsuit to reference the ANSI Standard, and did not supplement any discovery related to the ANSI Standard. Plaintiff continued to give no indication whatsoever that the ANSI Standard was at issue in the case. Thus, Walmart designated no expert related to ANSI, because Plaintiff was continuing to deliberately conceal the issue. Similarly, the Court set October 10, 2020 as the discovery deadline. *See* Doc. 22. That deadline came and went, while Plaintiff continued to deliberately conceal the ANSI Standard from Walmart.

6. In fact, Plaintiff did not even reference the ANSI Standard in any capacity until October 30, 2021, twenty days after the discovery period ended and one day before the dispositive motion deadline (*see* Doc. 22), when Plaintiff's counsel deposed a Walmart manager, Lisa Israel. At this point, Plaintiff's failure to disclose the ANSI Standard was actively in bad faith and in clear violation of the Federal Rules of Civil Procedure. Plaintiff's counsel was getting set to depose a Walmart witness whose deposition he noticed. Plaintiff's counsel intended to use the ANSI Standard during that deposition and as an exhibit; he had the ANSI Standard printed and ready to go at that deposition. He was also aware that the discovery period has ended, that the motions deadline was a day away, and that he was still actively concealing the ANSI Standard from Walmart and its legal counsel. Despite all this, Plaintiff's counsel refused to disclose the ANSI Standard or produce it. There is simply no credible basis for Plaintiff's counsel to suggest he lacked actual knowledge that the ANSI Standard related to a claim that Plaintiff's counsel intends to make. And there is no credible basis to consider Plaintiff's counsel's conduct as anything other than a flagrant violation of the Federal Rules of Civil Procedure.

7. Even after, Plaintiff's counsel refused to produce or disclose the standard; he continued to withhold it until filing it as an exhibit in response to summary judgment, and then didn't formally supplement any of his discovery related to the ANSI Standard until January 2021.

8. Under Rule 26, Plaintiff was obligated to produce and disclose the ANSI Standard well before this point. Plaintiff's disclosures had to be made (and made in good faith), even in the absence of a request from the opposing party. FED. R. CIV. P. 26(1)(1)(A). Further, Rule 26(e) imposes a duty to timely supplement discovery, such as Plaintiff's responses to requests for production. FED. R. CIV. P. 26(e). Plaintiff deliberately violated those rules in order to try and gain an edge in this litigation.

9. Under Rule 37, if a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information at any trial, motion, or hearing, unless the failure was substantially justified or harmless. This act by Plaintiff was neither. Plaintiff actively concealed the ANSI Standard in this case, not only from her lawsuit but also from all written discovery responses. She then allowed all relevant discovery-related deadlines to pass, before springing the ANSI Standard at a deposition that took place the day before the dispositive motion deadline.

10. But even if the Court disregarded Plaintiff's violation of the Court's scheduling order, Rule 26, and Rule 37 regarding the ANSI Standard, the Court should still exclude it.

11. Plaintiff failed to disclose or identify any witness who can testify or offer personal knowledge regarding the ANSI Standard. In other words, Plaintiff lacks any witness through which she could authenticate, establish the underlying foundation, and set forth the relevance and applicability of the ANSI Standard through personal knowledge. This also runs afoul of Rule 26(a)(1)(A)(i), which requires Plaintiff to disclose witnesses likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to

support its claims or defenses or, alternatively, it would run afoul of Rule 26(a)(2), requiring disclosure of experts.

12. Again, Plaintiff did not designate any expert for this case. And there is no evidence that Walmart uses or has adopted any of the ANSI Standards in its business. Consequently, there is no witness who can testify, with personal knowledge, that these standards actually apply to this Walmart store or to the mat at issue. Nor is there any witness who can testify, with personal knowledge, the product or design details of this mat and how this mat relates under the ANSI Standard. For example, Walmart is not the manufacturer of this mat, and this is neither a design defect nor manufacturing defect case. But Plaintiff has not disclosed or identified any witness, from any entity (much less from the mat manufacturer, ANSI, or some other expert) to explain to a jury how this mat qualifies or fits under the ANSI Standard, or if the ANSI Standard even applies to this specific design of mat. Plaintiff is not capable of offering that testimony. Nor is anyone from Walmart, none of whom are experts and none of whom have been designated as experts. This is why plaintiffs who want to claim that alleged professional standards govern a particular item or industry have to utilize an expert witness, in order to link the case-specific facts to the alleged professional standard and establish relevance and reliability. And to avoid any trial-by-ambush-style tactics, the Federal Rules of Civil Procedure require parties to disclose experts. *See* Fed. R. Civ. P. 26(a)(2).

13. The Federal Rules of Evidence also specifically contemplate the burdens associated with expert testimony, by requiring parties seeking to offer expert-type testimony to satisfy the requirements of Rule 702 and overcome any challenges under *Daubert*, *Kumho Tire*, and the other authorities that have developed around expert testimony. But without any expert, Plaintiff cannot establish, with any degree of reliability or personal knowledge, that the ANSI Standard has any

tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. And because Plaintiff lacks any witness capable of making that showing, the ANSI Standard is irrelevant. And under Rule 402, irrelevant evidence is not admissible. *See* Fed. R. Evid. 402.

14. Even if the Court were to presume that the ANSI Standard was authenticate and was not precluded as clear hearsay (none of which Walmart concedes) Plaintiff still has the legal hurdle to prove that the ANSI Standard even applies to this particular mat, in order to demonstrate how and why the ANSI Standard could even potentially be relevant. This is particularly true since not even Plaintiff could credibly claim the entire twenty-one-page document applies exclusively to this type of floor mat. Instead, Plaintiff needs to have someone interpret the document and identify the portions that do apply and the portions that don't. That's not something Plaintiff's counsel is permitted to do, since nothing they argue to the jury or say at trial constitutes evidence. They need a witness who can apply his or her specialized knowledge to interpreting and applying the ANSI Standard to this particular store, this particular mat, and these particular case fact details. Plaintiff can't do so, since she never designated anyone remotely capable of performing that task. Thus, the Court should exclude the ANSI Standard pursuant to Federal Rules of Evidence 401, 402, 602, and 701, in conjunction with Plaintiff's failure to designate any expert witness in this matter in violation of Federal Rule of Civil Procedure 26(a)(2).

15. In addition to Plaintiff's inability to establish the ANSI Standard's relevance and applicability, Plaintiff lacks any witness who could authenticate the ANSI Standard and affirm that the document Plaintiff seeks to offer is a true and correct of the ANSI Standard that was actually applicable at the time of the incident. Plaintiff is not offering a certified copy of the ANSI Standard, for example. Nor is Plaintiff offering the ANSI Standard with an affidavit from anyone to prove it

up as proper evidence. This is no different than Plaintiff just trying to admit something into evidence that she downloaded off of the internet. That doesn't satisfy the requirements for admissibility, and runs afoul of Federal Rule of Evidence 901, 1002, and 1003. Thus, Walmart also objects to the introduction of the ANSI Standard pursuant to those rules of evidence.

16. Additionally, the ANSI Standard is hearsay. It's clearly a statement (i.e., a person's or entity's written assertion). *See* Fed. R. Evid. 801(a). In fact, Plaintiff represents that the declarant of this statement is ANSI, and Plaintiff is seeking to use ANSI's purported credibility to bolster her claims in this matter. *See* Pl.'s Exhibit List ("ANSI Standard for Floor Mat Safety"); *compare with* Fed. R. Evid. 801(b) ('Declarant' means "the person who made the statement."). Hearsay is any statement that the declarant (i.e., ANSI) does not make while testifying at the current trial or hearing and that a party (such as Plaintiff) offers in evidence to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Plaintiff would clearly be offering this "ANSI Standard for Floor Mat Safety" for the alleged truth of the matter asserted, because otherwise it would not be relevant in any way to this case and would require exclusion. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. But because the ANSI Standard is clearly hearsay, the Federal Rules of Evidence make it inadmissible. *See* Fed. R. Evid. 802.

17. Walmart further objects to this proposed Exhibit pursuant to Federal Rules of Evidence 403. Even if the Court were to presume that the document contained some form of relevant evidence, the probative value of that evidence would be substantially outweighed by the dangers of unfair prejudice to Walmart, confusing the issues, and misleading the jury. Specifically, because there is no witness in this case qualified or capable of interpreting this document, the ANSI Standard invites rampant abuse by Plaintiff and her counsel, who desire to place themselves in the role of interpreting this document for the jury and vouching for its credibility and application

to this case's factual circumstances. There is no witness in this case who can place the ANSI Standard into context, discuss the circumstances under which it does and does not apply, or interpret the factual and design details of this particular mat in the context of the document. The jury is literally left with Plaintiff's counsel declaring that the ANSI Standard exclusively establishes the standard of care Walmart had to follow, conclusively demonstrate breach, and conclusively establishes the alleged dangerousness of the condition at issue, none of which is true under Texas law. Because there is no witness qualified to talk the ANSI Standard, the jury is just left with counsel debating about the document, none of which constitutes evidence. Thus, even if the Court were to presume that the ANSI Standard had probative value in certain circumstances, those circumstances do not exist in this case and that probative value is substantially outweighed by the problems discussed above.

18. For these reasons, Walmart objects to Plaintiff's proposed Exhibit 56 and asks the Court to sustain those objections as to Plaintiff's Exhibit 56.

**PLAINTIFF'S PROPOSED EXHIBIT 57**

19. Plaintiff's proposed Exhibit 57 is the entire deposition transcript from the fact-witness deposition of Lisa Israel. Walmart objects to this exhibit based on Plaintiff's failure to comply with this Court's Procedure 13C, which required Plaintiff to designate only the specific portions of the deposition (citing pages and lines) that Plaintiff desired to introduce. Additionally, Walmart further objects to admission of the entire deposition transcript because Ms. Israel's deposition was not taken pursuant to FED. R. CIV. P. 30(b)(6), nor was Ms. Israel a director, officer, or managing agent within the meaning of FED. R. CIV. P. 32(a)(3). And because Plaintiff failed to provide proper notice (through designation) of the specific portions of the deposition at issue, none of the objects asserted during that deposition (or that would otherwise be available under the Federal

Rules of Civil Procedure or the Federal Rules of Evidence) have been addressed or overruled. For these reasons, Walmart objects to Plaintiff's proposed Exhibit 57 and asks the Court to sustain those objections to Plaintiff's attempt to offer the entire deposition transcript of Lisa Israel.

**PLAINTIFF'S PROPOSED EXHIBIT 58**

20. Plaintiff's proposed Exhibit 58 is the entire three-and-a-half-hour video deposition of fact witness Lisa Israel. transcript from the fact-witness deposition of Lisa Israel. Walmart objects to this exhibit based on Plaintiff's failure to comply with this Court's Procedure 13C, which required Plaintiff to designate portions of the video deposition (up to a maximum of 30 minutes) that Plaintiff desired to show to the jury. Additionally, Walmart further objects to admission of the entire deposition transcript because Ms. Israel's deposition was not taken pursuant to FED. R. CIV. P. 30(b)(6), nor was Ms. Israel a director, officer, or managing agent within the meaning of FED. R. CIV. P. 32(a)(3). And because Plaintiff failed to provide proper notice (through designation) of the specific portions of the deposition at issue, none of the objects asserted during that deposition (or that would otherwise be available under the Federal Rules of Civil Procedure or the Federal Rules of Evidence) have been addressed or overruled. For these reasons, Walmart objects to Plaintiff's proposed Exhibit 58 and asks the Court to sustain those objections to Plaintiff's attempt to offer the entire deposition transcript of Lisa Israel.

**PLAINTIFF'S PROPOSED EXHIBIT 59**

21. Plaintiff's proposed Exhibit 59 is the notice of deposition associated with the deposition of fact witness Lisa Israel.[4] Walmart objects to this exhibit pursuant to Federal Rule of Evidence 401 and seeks to exclude it pursuant to Federal Rule of Evidence 402. Specifically, Rule

---

[4] Plaintiff's Exhibit List refers to this document as Exhibit A to the deposition. For ease of reference, the deposition transcript refers to this document as Exhibit 1.

401 sets the test for relevant evidence. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. *See* Fed. R. Evid. 401. Under Rule 402, irrelevant evidence is not admissible. *See* Fed. R. Evid. 402.

22. This deposition notice is irrelevant. The notice of deposition, which only notes the place, time, and location at which Ms. Israel was deposed and that Plaintiff was the noticing party, has no tendency to make any fact that is of consequence in determining this action more or less probable. Ms. Israel's deposition notice did not include any subpoena duces tecum, for example. Nor was Ms. Israel's deposition taken pursuant to Federal Rule of Civil Procedure 30(b)(6), so there are no corporate representative topics associated with the deposition notice.

23. Even if the Court were to conclude that the notice of deposition were relevant under the Rule 401 test, Exhibit 59 should still be excluded under Rule 403. *See* Fed. R. Evid. 403. Under that rule, relevant evidence may still be excluded if its probative value is substantially outweighed by the danger of wasting time or needlessly presenting cumulative evidence. *See id.* Here, Ms. Israel's deposition notice adds nothing to this procedure or to the jury; there is no dispute that Ms. Israel gave a deposition in this case. And if an issue arose related to prior testimony, Plaintiff would – by necessity – need to direct the witness to that testimony, not the deposition notice. And identifying that testimony makes the notice entirely superfluous since deposition testimony, by definition, is given at a deposition.

24. For these reasons, Walmart objects to Plaintiff's proposed Exhibit 59 and asks the Court to sustain those objections as to Plaintiff's Exhibit 59.

## PLAINTIFF'S PROPOSED EXHIBIT 60

25. Plaintiff's proposed Exhibit 60 purports to be a CINTAS Safety White Paper, which Plaintiff contends is identified as YOUNG000476–YOUNG000485. Walmart initially objects to Plaintiff's Exhibit 60 pursuant to Federal Rule of Civil Procedure 37(c)(1), because Plaintiff has never disclosed Exhibit 60 to Walmart or its counsel in this matter and, to date, still has not produced or disclosed it. Stated simply, Plaintiff has never produced or disclosed any document purporting to be a CINTAS Safety White Paper or any documents bates labeled as YOUNG000476–000485. The bates labeling that Plaintiff has produced or disclosed encompasses YOUNG000001–0000339 (which occurred on July 13, 2020), and documents identified as YOUNG002280–002477 (which occurred on April 7, 2021). A document that Plaintiff captioned as "Plaintiff Linda Young's Supplemental Disclosures" (which were actually the first Rule 26 disclosures that Plaintiff ever actually provided)[5] contained a list of documents allegedly being produced (under entirely different bates numbering: Young000001–002477), but none of those documents purported to be a CINTAS Safety White Paper, nor did the bates numbering YOUNG000476–000485 in those disclosures correspond to a CINTAS Safety White Paper. *See* Ex. E.

26. The rules do not permit Plaintiff to hide evidence or introduce evidence that they refuse to disclose or produce. Plaintiff had an affirmative obligation to disclose this document under Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). However, Plaintiff did not do so. Walmart also served Plaintiff with Requests for Production, and Plaintiff failed to produce this document in

---

[5] Plaintiff did serve supplemental responses to Requests for Disclosure on October 9, 2020, even though Requests for Disclosure did not apply in federal court, but those responses only identified five groups of individuals with discoverable information on disputed facts and included a "Supplemental Calculation of Damages" all of which stated, "to be determined b the trier of fact." *See* Ex. D.

response to those requests. Several of Walmart's Requests would seemingly have encompassed this document. *See, e.g.*, Ex A at Nos. 1, 24, 34. Plaintiff never produced this document in response to these requests for production. Finally, Plaintiff never designated any experts and correspondingly, never identified this exhibit as a document reviewed by any expert.

27. Under Rule 37, if a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information, unless the failure was substantially justified or harmless. This act by Plaintiff was neither. Plaintiff is continuing to withhold this exhibit, despite the fact that Plaintiff had an affirmative obligation to produce and disclose it well before this time (less than thirty days before trial). *See* Fed. R. Civ. P. 37(c)(1). Plaintiff's expert designation deadline was July 7, 2020. *See* Doc. 22. The discovery deadline ended on October 10, 2020. *See id.* Because Plaintiff has violated, and is continuing to violate, Rule 37(c)(1), the Court should sustain Walmart's objection and should exclude Plaintiff's proposed Exhibit 60 in its entirety.

28. Even if the Court were to look past Plaintiff's continuing disclosures violation, Walmart objects to Plaintiff's proposed Exhibit 60 pursuant to Federal Rules of Evidence pursuant to Federal Rules of Evidence 602, 701, 801, 802, 901, 1002, and 1003.[6] Walmart further objects that Plaintiff violated Rule 37(c)(1) by failing to disclose or identify any authenticating witness for Exhibit 60. *See* Fed. R. Civ. P. 37(c)(1).

29. As an initial matter, no evidence can be admitted without authentication. *See* Fed. R. Evid. 901(a). To do so, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims. *See id.* Here, Plaintiff cannot authenticate Plaintiff's proposed Exhibit 60 because Plaintiff has not disclosed or identified any witness that is capable of

---

[6] Walmart may also have additional objections founded upon Federal Rules of Evidence 401, 402, and 403. However, because Plaintiff has failed to even produce the document corresponding to Plaintiff's proposed Exhibit 60, Walmart cannot make those determinations at this time.

doing do and testifying that the document is authentic. Plaintiff did not designate any expert and, therefore, cannot utilize an expert to authenticate the purported CINTAS Safety White Paper. The lack of any authenticating witness also prevents the exhibit from satisfying the best-evidence rule. *See* Fed. R. Evid. 1002. The best-evidence rule requires an original of a document in order to prove its contents, *see id.*, unless there is no genuine question about the authenticity of a purported duplicate. *See* Fed. R. Evid. 1003. Here, there is no witness to attest that the document Plaintiff seeks to offer is accurate or identical to any original, because there is no witness who can testify about the document in any capacity, or even authenticate it.

30. Further, because Plaintiff failed to identify a witness as required by Rule 26(a), Plaintiff is not allowed to use such a witness to supply evidence at trial regarding Plaintiff's proposed Exhibit 60. There is no substantial justification for Plaintiff's failure to disclose such a witness since Plaintiff's entire case theory is that these types of outside documents should somehow create affirmative obligations on Walmart's part and exclusively satisfy Plaintiff's need to show breach of duty and notice. Without having disclosed any witness related to this document, Plaintiff cannot satisfy Rule 602 in terms of discussing it, as there is no disclosed witness who has personal knowledge of that document. *See* Fed. R. Evid. 602. Plaintiff (or any other witness) cannot satisfy those standards, as lay witnesses are not permitted to offer opinions that involve scientific, technical, or other specialized knowledge within the scope of Rule 702. *See* Fed. R. Evid. 701(c). Nor would such opinions be rationally based on the witness's perception, since none of the testimony would be based upon perceptions; rather, the testimony would be based on a witness's interpretation of an outside document. *See* Fed. R. Evid. 701(a).

31. Additionally, the document plainly constitutes hearsay. A "Safety White Paper" is clearly a statement (i.e., a person's or entity's written assertion). *See* Fed. R. Evid. 801(a). In fact,

Plaintiff represents that the declarant of this statement is CINTAS. *See* Pl.'s Exhibit List ("CINTAS Safety White Paper"); *compare with* Fed. R. Evid. 801(b) ('Declarant' means "the person who made the statement."). CINTAS is not a party in this case, and the purported White Paper is hearsay. Hearsay is any statement that the declarant (i.e., CINTAS) does not make while testifying at the current trial or hearing and that a party (such as Plaintiff) offers in evidence to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Plaintiff would clearly be offering this "CINTAS Safety White Paper" for the alleged truth of the matter asserted, because otherwise it would not be relevant in any way to this case and would require exclusion. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. But because the document is clearly hearsay, the Federal Rules of Evidence make it inadmissible. *See* Fed. R. Evid. 802.

32. Further, based on Plaintiff's failure to even produce the document, Walmart also objects to this proposed Exhibit pursuant to Federal Rules of Evidence 403. Even if the Court were to presume that the document contained some form of relevant evidence, the probative value of that evidence would be substantially outweighed by the dangers of unfair prejudice to Walmart. Specifically, that substantial unfair prejudice is founded upon Plaintiff's ongoing failure to produce or disclose this document, even as the parties are less than thirty days from trial. Further, Plaintiff's failure to designate any experts, coupled with her refusal to produce or disclose any substantive liability documents (even the ANSI Standard) during the time period when Walmart could designate an expert or even the active discovery period, creates a situation in which Plaintiff is actively seeking to benefit from her deliberate hiding of documents and refusal to follow the federal disclosure rules. Plaintiff essentially hid all of the primary documents on which she has alleged liability until after experts were designated and after the discovery period closed. Regarding this particular document, Plaintiff has still not produced it. Therefore, the Court should

find that unfair prejudice to Walmart substantially outweighs any potential probative value that the exhibit might have in this matter.

33. For these reasons, Walmart objects to Plaintiff's proposed Exhibit 60 and asks the Court to sustain those objections as to Plaintiff's Exhibit 60.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ John A. Ramirez*
John A. Ramirez
Attorney-In-Charge
SBN: 00798450
FBN: 21280
Neal A. Hoffman
SBN: 24069936
FBN: 1048603
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
nhoffman@bushramirez.com

ATTORNEY FOR DEFENDANT
WAL-MART STORES TEXAS, LLC

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was sent to all counsel of record as required by the FEDERAL RULES OF CIVIL PROCEDURE on this 29th day of April 2021.

Cedrick D. Forrest
CEDRICK D. FORREST LAW, PLLC
100 Glenborough Dr., Suite 400
Houston, Texas 77060
cforrest@cdforrestlaw.com

M. Cody Moore
LAW OFFICES OF M. CODY MOORE, PLLC
5100 Westheimer Rd., Suite 200
Houston, Texas 77056
m.cmoore@codymoorelaw.com

*/s/ John A. Ramirez*
John A. Ramirez | Neal A. Hoffman