IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA YOUNG | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-cv-04815 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |

**DEFENDANT'S OBJECTIONS TO AND
MOTION TO PARTIALLY EXCLUDE PLAINTIFF'S TRIAL WITNESSES**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Fed. R. Civ. P. 37, Wal-Mart Stores Texas, LLC ("Walmart") moves to exclude the testimony of four of Plaintiff's witnesses identified in Plaintiff's Proposed Trial Witness List, filed with the Joint Pretrial Order [Doc. 48], for Plaintiff's failure to timely disclose the witnesses. Walmart also asserts additional objections as to two of those four witnesses, and regarding an additional witness Plaintiff identified.

### I. NATURE AND STAGE OF PROCEEDING

1. This lawsuit has been pending since June 2019 and is set for trial on May 26, 2021.

2. In December 2019, Walmart removed this case to federal court. Doc. 1.

3. After the case was removed, the Court issued a scheduling order. *See* Doc. 22. The Court set Plaintiff's and Walmart's expert designation deadlines for July 7 and August 7 of 2020, respectively. *See id.* The Court also set a discovery deadline of October 10, 2020. *See id.*

4. Plaintiff's activity related to disclosures in limited; Plaintiff did not even provide her required federal court disclosures until April 7, 2021, despite this case having been pending in federal court since December 2019. Plaintiff's disclosure activity includes:

a) Prior to removal, Plaintiff provided responses to requests for disclosure on November 25, 2019. *See* Ex. A;

b) On October 9, 2020, Plaintiff filed supplemental responses to state court requests for disclosure, which listed Plaintiff, Walmart, several Walmart employees, and a customer as persons with knowledge and which also stated that damages were "to be determined by the trier of fact." *See* Ex. B;

c) On April 7, 2021 (less than thirty days before docket call), Plaintiff filed a document that she termed "Supplemental Disclosures" even though these were, in fact, Plaintiff's initial set of federal court disclosures. Plaintiff identified the same fact witnesses as her October 9th Request for Disclosure supplement, but added several pages of medical provider disclosures. One of those providers was Dr. Juan Serrato, who is associated with Methodist Hospital. *See* Ex. C *and* Ex. C at 7; *compare with* Ex. A *and* Ex. B;

5. Plaintiff did not serve any designation of experts and did not designate any experts.

6. On April 27, 2021, via the Joint Pretrial Order that Plaintiff filed, Plaintiff revealed – for the first time – two witnesses she intends to call at trial that had never been disclosed during discovery: (1) Karen Craig, Plaintiff's daughter; and (2) Charlie Craig, Plaintiff's son. Doc. 48 at 23; *compare with*, Ex. A, Ex. B, Ex. C. In addition, Plaintiff disclosed Henry N. Small, MD in Plaintiff's Proposed Witness List. Doc. 48 at 25. No records or reference to Dr. Small were made until Plaintiff's April 7, 2021 supplemental disclosures, which state "TBD" for bates labeled documents relating to Dr. Small. *See* Exhibit C at 4; *compare with* Ex. A, Ex. B. Plaintiff has never produced or disclosed those records.

7. Further, Plaintiff's Proposed Voir Dire Examination of the Jury Panel states that Plaintiff intends to call: (1) Dr Serrato; (2) Dr. Small; (3) Karen Craig; (4) Charlie Craig; (5) Lisa

Israel; (6) Tyrone Wiltz; (7) Stephanie Ostertag; and (8) Karl Estrada. Doc. 48 at 48. Of the eight proposed witnesses, Plaintiff disclosed four within the last thirty days: Dr. Small, Karen Craig, Charlie Craig, and Tyrone Wiltz. Plaintiff also included Dr. Serrato in her disclosures at that time. *See* Ex. C at 7; *compare with* Ex. A, Ex. B.

8. Despite not listing Tyrone Wiltz in Plaintiff's Witness List, Plaintiff's Proposed Voir Dire indicates that Plaintiff intends to call Mr. Wiltz as a witness. For the Court's knowledge, Mr. Wiltz is the current store manager at the Walmart store where the incident occurred. However, he was not the store manager on the date of the incident and did not even begin working at this Walmart store until 2020.

9. Walmart seeks to exclude the testimony of Karen Craig, Charlie Craig, Henry N. Small, and Tyrone Wiltz for Plaintiff's failure to timely disclose. Walmart also seeks to exclude Tyrone Wiltz pursuant to Federal Rules of Evidence 401, 402, and 403. Walmart also seeks to exclude Dr. Serrato and Dr. Small based on Plaintiff's failure to designate them as experts.

## II. ARGUMENT

### A. Plaintiff's failure to make timely disclosures.

10. Rule 26(a)(l)(A)(i) requires Plaintiff disclose all persons having discoverable information in her initial Rule 26 disclosure. These disclosures must be made, even in the absence of a request from the opposing party. FED. R. CIV. P. 26(1)(1)(A). Further, Rule 26(e) imposes a duty to timely supplement discovery. FED. R. CIV. P. 26(e). Here, Plaintiff waited nearly a year and a half (until three days before docket call, and less than thirty days before trial) to disclose four trial witnesses, including two of Plaintiff's own children. In addition, Plaintiff failed to provide the required individual addresses and telephone numbers for the new witnesses, instead referring Walmart to Plaintiff's counsel's information. Fed. R. Civ. P. 26(3)(A); *see* Doc. 48 at 23.

11. An evasive or incomplete disclosure is treated as a failure to disclose or respond. FED. R. CIV. P. 37(a)(4). Plaintiff's failure to timely and properly supplement her Rule 26(a) disclosures must therefore be treated as a failure to disclose or respond. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

12. In determining whether a failure to disclose witnesses is harmless, the Court should consider (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing the prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *see also Bradley v. U.S.,* 866 F.2d 120, 125-127 (5th Cir. 1989).

13. Karen Craig, Charlie Craig, Henry N. Small, and Tyrone Wiltz should be excluded from testifying because Plaintiff did not disclose these witnesses until after the close of discovery, the expiration of the dispositive motion deadline, three days before docket call, and less than thirty days before trial.

**1) The importance of the evidence.**

14. Plaintiff's failure to disclose the names of Plaintiff's two children, an alleged treating provider, and a Walmart manager as witnesses until less than one month before the scheduled trial date is not harmless. Not only did Plaintiff untimely disclose, but Plaintiff also improperly disclosed. Plaintiff merely listed her two children in Plaintiff's Proposed Witness List and referenced Dr. Small and Mr. Wiltz in Plaintiff's Proposed Voir Dire. Doc. 48 at 23, 48. Walmart does not know the subject matter of the proposed testimony of any of the four witnesses,

since Plaintiff actively concealed her interest in calling these individuals as witnesses until ambushing Walmart with them at the eleventh hour. Certainly, Plaintiff views these witnesses as important enough to constitute some of her few trial witnesses in this matter.

**2) Prejudice to Walmart.**

15. Walmart will be severely prejudiced if any of the four new witnesses are permitted to testify. As indicated above, Walmart does not know the nature of the testimony. Thus, any testimony offered by Karen Craig, Charlie Craig, Henry N. Small, and Tyrone Wiltz will undoubtedly unfairly surprise Walmart.

16. Further, by disclosing Karen Craig, Charlie Craig, Henry N. Small, and Tyrone Wiltz just weeks prior to trial, Plaintiff has precluded Walmart from deposing the witnesses or otherwise preparing an adequate cross-examination (in the case of Mr. Wiltz, because Walmart has no conceivably idea why he is even being listed as a witness). *See e.g. Mendoza v. A & A Landscape & Irrigation, LP*, 4:12-CV-562, 2014 WL 6627741, at *3 (E.D. Tex. Nov. 21, 2014) (finding that the potential for prejudice was high where witnesses were not disclosed until approximately 1 month before trial and after the close of discovery). Given that Plaintiff has had nearly two years to investigate and conduct discovery, any argument that she was not aware of these persons until the eve of trial would be disingenuous, especially considering two witnesses are Plaintiff's children and one allegedly provided medical treatment to Plaintiff. Plaintiff's exclusion of witnesses in her disclosures and discovery responses for nearly two years and last-minute revelation is certainly not harmless.

17. Although Mr. Wiltz is not listed in Plaintiff's Witness List, out of an abundance of caution, Walmart addresses the prejudicial effect of Mr. Wiltz's examination. Plaintiff intends to ask the jury panel about Mr. Wiltz, and this seems to be because Plaintiff intends to call Mr. Wiltz

5

as a witness (otherwise, there would be no reason for his inclusion). Doc. 48 at 48. Mr. Wiltz is currently the manager of the Walmart store where Plaintiff's incident occurred; however, Mr. Wiltz was not the manager at the time of Plaintiff's incident, did not even begin to work at this store until 2020, was not designated by Walmart as a corporate representative, and was not previously disclosed. Any attempt by Plaintiff to call Mr. Wiltz would be highly prejudicial and improper.

18. Regarding Dr. Small, Dr. Small was not disclosed until Plaintiff's April 7, 2021 supplemental disclosures, which stated "TBD" for documents relating to Dr. Small. *See* Exhibit C at 4. Neither Dr. Small, nor the associated medical and billing records were timely identified by Plaintiff, and, as a result, any medical records, billing records, and testimony of Dr. Small must be excluded. Failure to timely produce documents or to identify persons with knowledge of facts results in the automatic exclusion of the documents and the witnesses. Fed. R. Civ. P. 37(c). This is even more troubling since Dr. Small is, purportedly, a medical doctor and Plaintiff did not designate any experts in this case. Walmart would be severely prejudiced if Plaintiff is permitted to call Dr. Small, especially since Plaintiff's failure to designate experts impacted Walmart's decision regarding experts. Accordingly, any testimony or records of Dr. Small should be excluded.

**3) The prejudice to Walmart cannot be cured by a continuance.**

19. Adherence to the deadlines imposed in scheduling orders is "critical in maintaining the integrity of judicial proceedings." *1488, Inc. v. Philsec Inv. Corp.,* 939 F.2d 1281, 1289 (5th Cir. 1991) A continuance will not cure the prejudice in this case as this litigation has already been continued multiple times. Rather, the remedy of a continuance will force Walmart to incur additional time and expense and delay resolution of this case. Considering Plaintiff's failure to

timely disclose witnesses in advance of the exchange of pretrial materials, a continuance may not deter Plaintiff's future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.

    **4) Plaintiff cannot explain her failure to timely disclose.**

    20.    Plaintiff cannot explain her failure to timely identify and disclose two of her children, Karen Craig, Charlie Craig; a treating provider, Henry N. Small; and a Walmart manager, Tyrone Wiltz. Even if Plaintiff were to argue that she did not know of these potential witnesses at the time of her state court disclosures (a ludicrous claim regarding her children), there is no justification for her failure to identify these witnesses in a timely supplemental response.

    21.    Accordingly, in light of Plaintiff's untimely and incomplete disclosures, Walmart requests that Karen Craig, Charlie Craig, Henry N. Small, and Tyrone Wiltz be excluded from testifying pursuant to Rule 37(c)(1). *See Gonzalez v. Texas Health & Human Services Com'n*, 5:13-CV-183-DAE, 2014 WL 6606629, at * 13 (W.D. Tex. Nov. 19, 2014) ("Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if a party fails to timely disclose or supplement disclosures, including the name of a witness as required under Rule 26(a), that witness's testimony must be excluded.").

**B. Additional grounds to exclude Tyrone Wiltz.**

    22.    Walmart also objects to Tyrone Wiltz being as a witness pursuant to Federal Rule of Evidence 401 and Federal Rule of Evidence 402. Specifically, Rule 401 sets the test for relevant evidence. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. *See* Fed. R. Evid. 401. Under Rule 402, irrelevant evidence is not admissible. *See* Fed. R. Evid. 402. Here, Mr. Wiltz' testimony would be entirely irrelevant. Mr. Wiltz is the current manager of the Walmart

store, but he was not the manager on the date of the incident. In fact, Mr. Wiltz did not even begin working at this Walmart store until 2020. His post-incident knowledge of the store has no relevance to this incident, which occurred in 2017.

23. But even if the Court were to conclude that Mr. Wiltz might have something of some relevance, he should still be excluded as a witness under Rule 403. *See* Fed. R. Evid. 403. Under that rule, relevant evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence. *See id.* Here, Mr. Wiltz isn't in a position to offer any evidence about this incident or about the store prior to his arrival in 2020. Testimony regarding Mr. Wiltz's activities in 2020, none of which would have any relation to this incident, would create a clear danger of unfair prejudice to Walmart, would confuse the issues before the jury, would mislead the jury as to the facts and information that matter regarding potential liability, and would waste the jury's time. Additionally, testimony from Mr. Wiltz would needless present cumulative evidence, since the actual store manager from the time of the incident, Lisa Israel, is already identified as a witness in this case. Those risks and concerns all substantially outweigh any minimal probative value that Mr. Wiltz might have as a witness, although Walmart maintains that Mr. Wiltz would not have any probative value as a witness in this case.

**C. Additional Grounds for Exclusion of Dr. Small and Dr. Serrato**

24. Aside from the issues regarding the timeliness of Plaintiff's disclosures, Walmart also asks the Court to exclude Dr. Small and Dr. Serrato as witnesses in this matter based on Plaintiff's failure to designate any experts in this case. Because Plaintiff did not designate any experts, Plaintiff should not be permitted to call any experts or elicit any expert opinions or medical testimony. Walmart's decision regarding experts was dictated based on Plaintiff's voluntary

decision not to designate any experts. Walmart would be extremely prejudiced if Plaintiff if were permitted to randomly call medical experts after not making any expert designations, particularly as Walmart has not retained any expert to counter such opinions.

### III.     CONCLUSION

25.     Walmart faces unfair prejudice as a result of Plaintiff's procrastination, and the Court should remedy this prejudice by striking those witnesses not previously identified by either party from Plaintiff's witness list. Under Rule 37 of the Federal Rules of Civil Procedure, Plaintiff should be precluded from presenting these witnesses because, without substantial justification, Plaintiff failed to disclose any of them. Fed. R. Civ. P. 37(c)(1). Additionally, Walmart was harmed by Plaintiff's failure timely disclose because Walmart did not have the opportunity to discover what information any of these potential witnesses has regarding Plaintiff's claims.

### IV.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Walmart prays this Court sustain its objections and exclude the trial testimony of Karen Craig, Charlie Craig, Dr. Henry N. Small, Dr. Juan Serrato, and Tyrone Wiltz for Plaintiff's failure to timely disclose or for her failure to designate and disclose experts.

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
Attorney-In-Charge
TBN: 00798450
SDBN: 21280
Neal A. Hoffman
TBN: 24046181
SDBN: 1048603
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone

(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
nhoffman@bushramirez.com

ATTORNEY FOR DEFENDANT
WAL-MART STORES TEXAS, LLC

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of this document was sent to all counsel of record as required by the Federal Rules of Civil Procedure on this 29th day of April 2021.

Cedrick D. Forrest
CEDRICK D. FORREST LAW, PLLC
100 Glenborough Dr., Suite 400
Houston, Texas 77060
cforrest@cdforrestlaw.com

M. Cody Moore
LAW OFFICES OF M. CODY MOORE, PLLC
5100 Westheimer Rd., Suite 200
Houston, Texas 77056
m.cmoore@codymoorelaw.com

                                      */s/ John A. Ramirez*
                                      John A. Ramirez | Neal A. Hoffman